COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
MICHELLE C. DOOLIN (179445)
(mdoolin@cooley.com)
LEO P. NORTON (216282)
(lnorton@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:     (858) 550-6000
Facsimile:     (858) 550-6420

Attorneys for Defendants
SONY CORPORATION OF AMERICA,
SONY ELECTRONICS INC., and
SONY CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MARCHANTE, PHRANK OCHOA, DRAGAN SEFO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SONY CORPORATION OF AMERICA, SONY ELECTRONICS INC., and SONY CORPORATION,<br><br>Defendants. | Case No.  10 CV 0795 JLS RBB<br><br>**SONY CORPORATION OF AMERICA, SONY ELECTRONICS INC., AND SONY CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(6), AND 9(b)**<br><br>Date:     August 26, 2010<br>Time:    1:30 p.m.<br>Judge:   Hon. Janis L. Sammartino<br>Courtroom: 6 |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

SONY'S REPLY I/S/O MOTION TO DISMISS FIRST
AMENDED COMPLAINT
10 CV 0795 JLS RBB

**Table of Contents**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1) BECAUSE PLAINTIFFS LACK STANDING ............ 2

III. THE CONSOLIDATED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) AND RULE 9(b) BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................................ 2

    A. Plaintiffs' UCL, FAL, and CLRA Claims Should Be Dismissed .......................... 2

        1. Plaintiffs cannot hold Sony liable under the UCL, FAL, and CLRA for Sony's alleged failure to disclose a "Defect" in its Televisions that manifests itself after the expiration of the warranty period ................ 2

        2. Plaintiffs' UCL, FAL, and CLRA claims should be dismissed because the alleged misrepresentations are non-actionable puffery and were true during the warranty period ...................................................... 3

        3. The FAL claim should be dismissed for failure to identify the advertisements at issue ................................................................................ 4

        4. The CLRA claim should be dismissed because plaintiffs failed to file the required affidavits ................................................................... 4

        5. Plaintiffs' consumer statute claims fail to satisfy Rule 9(b) ....................... 5

    B. Plaintiffs' Strict Liability Claim Should Be Dismissed Under the Economic Loss Doctrine .......................................................................................................... 5

    C. Plaintiffs' Warranty Claims Should Each Be Dismissed Because Sony Has Not Breached Any Warranty Obligation ................................................................ 6

        1. Plaintiffs' claim for breach of express warranty should be dismissed because the Televisions allegedly failed outside the warranty period ........ 6

        2. Plaintiffs' breach of implied warranty claim should also be dismissed for lack of privity and failure to seek warranty coverage during the one-year warranty period ............................................................ 9

        3. Plaintiffs' Song-Beverly Act claim should be dismissed ............................ 9

        4. The Magnuson-Moss Act claim should be dismissed ................................. 9

    D. The Claims Against SCA And Sony Corporation Should Be Dismissed Because Plaintiffs Lack Any Basis To Sue Those Entities ................................. 10

IV. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anunziato v. eMachines, Inc.*,
    402 F. Supp. 2d 1133 (C.D. Cal. 2005) .................................................................................. 7

*Arabian v. Sony Elecs., Inc.*,
    No. 05-CV-1741 WQH (NLS), 2007 WL 627977 (S.D. Cal. Feb. 22, 2007) ......................... 9

*Ball v. Sony Elecs., Inc.*,
    No. 05-C-307-S, 2005 WL 2406145 (W.D. Wis. Sept. 28, 2005) .......................................... 8

*Carlson v. Gen. Motors Corp.*,
    883 F.2d 287 (4th Cir. 1989) .................................................................................................. 8

*Cattie v. Wal-Mart Stores, Inc.*,
    504 F. Supp. 2d 939 (S.D. Cal. 2007) .................................................................................... 2

*Churchill Vill., L.L.C. v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004) ................................................................................................ 10

*Cirulli v. Hyundai Motor Co.*,
    2009 WL 5788762 (C.D. Cal. June 12, 2009) ....................................................................... 7

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ....................................................................................... 3, 7, 8

*Daugherty v. Am. Honda Motor Co.*,
    144 Cal. App. 4th 824 (2006) ........................................................................................ passim

*Denny v. Barber*,
    576 F.2d 465 (2nd Cir. 1978) ................................................................................................. 9

*Dewey v. Volkswagen AG*,
    558 F. Supp. 2d 505 (D.N.J. 2008) ......................................................................................... 8

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
    66 F.3d 604 (3d Cir. 1995) ..................................................................................................... 8

*Hewlett-Packard Co. v. Super. Ct.*,
    167 Cal. App. 4th 87 (2008) ................................................................................................... 8

*Hicks v. Kaufman & Broad Home Corp.*,
    89 Cal. App. 4th 908 (2001) ............................................................................................... 7, 8

*In re NVIDIA GPU Litig.*,
    No. 08-04312, 2009 WL 4020104 (N.D. Cal. Nov. 19, 2009) ............................................... 6

*Inter-Mark USA, Inc. v. Intuit, Inc.*,
    No. C-07-04178 JCS, 2008 WL 552482 (N.D. Cal. Feb. 27, 2008) ...................................... 4

*Jimenez v. Super. Ct.*,
    29 Cal. 4th 473 (2002) ............................................................................................................ 6

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii.

SONY'S REPLY I/S/O MOTION TO DISMISS FIRST
AMENDED COMPLAINT
10 CV 0795 JLS RBB

*Johns v. Bayer Corp.*,
   No. 09CV1935 DMS (JMA), 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) .............................. 5

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)............................................................................................... 5

*Long v. Hewlett-Packard Co.*,
   316 Fed. App'x 585 (9th Cir. 2009)...................................................................................... 8

*Mauro v. Gen. Motors Corp.*,
   No. CIV. S-07-892 FCD GGH, 2008 WL 2775004 (E.D. Cal. July 15, 2008) ....................... 7

*Meserole v. Sony Corp. of Am., Inc.*,
   No. 08-CV8987 (RPP), 2009 WL 1403933 (S.D.N.Y. May 19, 2009) ............................... 4,5

*Mexia v. Rinker Boat Co.*,
   174 Cal. App. 4th 1297 (2009) ........................................................................................... 7,9

*Neilson v. Union Bank of Cal., N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) ................................................................................ 10

*Oestreicher v. Alienware Corp.*,
   544 F. Supp. 2d 964 (N.D. Cal. 2008) ................................................................................... 3

*Payne v. Fujifilm U.S.A. Inc.*,
   No. 07-385, 2007 WL 4591281 (D.N.J. Dec. 28, 2007) ........................................................ 8

*Scandinavian Airlines Sys. v. United Aircraft Corp.*,
   601 F.2d 425 (9th Cir. 1979)................................................................................................. 5

*Speyer v. Avis Rent A Car Sys., Inc.*,
   415 F. Supp. 2d 1090 (S.D. Cal. 2005) ................................................................................. 9

*Stock West, Inc. v. Confederated Tribes of the Colville Reservation*,
   873 F.2d 1221 (9th Cir. 1989)............................................................................................... 2

*Tietsworth v. Sears, Roebuck & Co.*,
   No. 5:09-CV-00288 JF (HRL), 2010 WL 1268093 (N.D. Cal. Mar. 31, 2010) .................. 3,7

*Tietsworth v. Sears, Roebuck & Co.*,
   No. 5:09-CV-00288 JF (HRL), 2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) ................... 4,7

*Tokio Marine & Fire Ins. Co. v. McDonnell Douglas Corp.*,
   617 F.2d 936 (2d Cir. 1980).................................................................................................. 7

*Walsh v. Ford Motor Co.*,
   588 F. Supp. 1513 (D.D.C. 1984) ......................................................................................... 7

*Waste Mgmt., Inc. v. Ishikawajima-Harima Heavy Indus., Co.*,
   No. CIV. S-04-2028 WBS DAD, 2006 WL 2507150 (E.D. Cal. Aug. 29, 2006) .................. 6

**STATUTES**

15 U.S.C. § 2310(d)(3)(C) ............................................................................................................ 10

CAL. CIV. CODE § 1780(d). ........................................................................................................... 5

Rule 9(b) .................................................................................................................................... 2,5

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

iii.

SONY'S REPLY I/S/O MOTION TO DISMISS FIRST
AMENDED COMPLAINT
10 CV 0795 JLS RBB

Rule 12(b)(1) .................................................................................................................................. 2

Rule 12(b)(6) .................................................................................................................................. 2

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

iv.

**SONY'S REPLY I/S/O MOTION TO DISMISS FIRST AMENDED COMPLAINT**
**10 CV 0795 JLS RBB**

## I. INTRODUCTION

Sony established in its motion to dismiss that plaintiffs' amended complaint is replete with defects and that each claim for relief should be dismissed without leave to amend. Plaintiffs' opposition is silent on several key issues and otherwise fails to rebut Sony's positions supported by well settled California and federal law. Sony's motion to dismiss should be granted.

The crux of plaintiffs' opposition is that Sony had knowledge of an alleged defect and that Sony failed to disclose it. Plaintiffs mischaracterize the defect as a "safety defect" in a misguided effort to impose upon Sony a duty to disclose the alleged defect. But Sony established in its motion to dismiss that plaintiffs' conclusory "safety defect" allegations should be disregarded because they lack factual support. To establish a "safety defect," plaintiffs must plead facts showing an unreasonable risk of personal injury and that they were personally injured. Plaintiffs' "safety defect" allegations fall far below the required unreasonable risk standard, and none of the plaintiffs were injured. Accordingly, California law forecloses plaintiffs' knowledge and failure to disclose arguments because the alleged defect did not manifest until after Sony's one year Limited Warranty expired.

Tellingly, plaintiffs ignore most of the authority set forth in Sony's motion to dismiss, including that which directly rejects plaintiffs' arguments that they bargained for a "defect free" product and that Sony's express Limited Warranty is unconscionable. Unable to rebut this authority, plaintiffs instead ask this Court to disregard both Sony's express one-year Limited Warranty and Sony's Limited Extended Warranty, as well as California's maximum one-year implied warranty. Plaintiffs then go on to argue that the Court should impose its own amorphous "useful life" warranty period and that they are entitled to restitution, damages, and punitive damages for Televisions that worked without issue for *over four years*. Plaintiffs' arguments find no support in the law and should be rejected.

Because plaintiffs admit that their televisions did not exhibit any defect until several years after Sony's express Limited Warranty expired, and that they refused to accept a replacement television under the Limited Extended Warranty, any amendment would be futile. The amended complaint should be dismissed without leave to amend.

## II. PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1) BECAUSE PLAINTIFFS LACK STANDING

Plaintiffs contend that they have alleged continuing "harm" because the Televisions contain a defect "that could manifest at any time." Opp., at 5:9-18. Plaintiffs seek an injunction requiring Sony to acknowledge the defect. *Id.*, at 5:21-25. Plaintiffs' contention fails.

First, because Sony brought its Rule 12(b)(1) motion to dismiss as a factual one supported by evidence, plaintiffs must "furnish evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 943 (S.D. Cal. 2007). Plaintiffs failed to produce any evidence in opposition, and they therefore cannot carry their burden to establish standing. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Second, assuming *arguendo* that plaintiffs could rely solely on their allegations, the graveman of plaintiffs' UCL, FAL, and CLRA claims, under which plaintiffs seek injunctive relief, is that Sony engaged in false or misleading advertisements at the time the products were distributed to plaintiffs. None of the allegations on which plaintiffs rely in their opposition rebuts their admission or Sony's evidentiary showing that Sony no longer makes, sells, or markets the Televisions in the United States. *See* FAC, ¶ 5; McGowan Decl., ¶¶ 4-6. As Sony's alleged wrongful conduct—the alleged sale of defective Televisions and alleged false advertising—is not presently occurring, plaintiffs have no basis to seek injunctive relief.

## III. THE CONSOLIDATED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) AND RULE 9(b) BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. Plaintiffs' UCL, FAL, and CLRA Claims Should Be Dismissed.

**1. Plaintiffs cannot hold Sony liable under the UCL, FAL, and CLRA for Sony's alleged failure to disclose a "Defect" in its Televisions that manifests itself after the expiration of the warranty period.**

Plaintiffs concede that under California law, Sony cannot be held liable for failure to disclose a defect that manifests itself after expiration of the warranty period, even if Sony allegedly knew about the defect. *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824,

830-32 (2006); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025-27 (9th Cir. 2008); *see also Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 969-74 (N.D. Cal. 2008), *aff'd*, 322 Fed. App'x 489 (9th Cir. 2009). But plaintiffs contend that their claims survive because they have alleged that the defect is a "safety defect." Opp., at 14:24-15:3.

Plaintiffs must do more, however, than characterize the defect as a "safety defect." They must allege facts establishing an unreasonable risk of personal injury and that they were personally injured. *Tietsworth v. Sears, Roebuck & Co.*, No. 5:09-CV-00288 JF (HRL), 2010 WL 1268093, at *7 (N.D. Cal. Mar. 31, 2010) (holding that plaintiffs failed to allege a safety defect where no named plaintiff or putative class member was injured); *Daugherty*, 144 Cal. App. 4th at 836 (holding plaintiffs did not adequately plead a safety defect where complaint contained conclusory allegations of a "safety risk," but only alleged harm was repair costs). Plaintiffs fall far short of this standard. They do not allege that they were personally injured. Nor do they allege any damage to other property. Plaintiffs contend "a very real possibility of" personal injury or damage to other property exists based on an allegation that one of the plaintiffs smelled an odor emanating from inside his television and pictures of warping internal to certain of plaintiffs' televisions. FAC, ¶¶ 6-8; Opp. at 15:6-11, 17:2-4. But "possibility" of a safety defect is not enough. *Tietsworth*, 2010 WL 1268093, at *7. And the pictures of warping of the lamp access door, which is a small internal part that can only be accessed by removing the front of the Televisions (FAC, ¶¶ 3, 8 and Exs. 1-2), does not change the fact that plaintiffs did not experience personal injury, property damage, or fire. Plaintiffs' conclusory "safety defect" allegations should be rejected as in *Tietsworth* and *Daugherty*.

**2. Plaintiffs' UCL, FAL, and CLRA claims should be dismissed because the alleged misrepresentations are non-actionable puffery and were true during the warranty period.**

Plaintiffs argue—without citation to authority—that Sony's representations are not mere puffery, and also theorize that Sony's puffery argument is beside the point because plaintiffs' claims are based on omissions in failing to disclose the alleged defect, not misrepresentations. Opp. at 15:19-16:11. Plaintiffs' arguments are without merit.

Initially, as Sony established in its opening brief, representations about quality are non-

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

SONY'S REPLY I/S/O MOTION TO DISMISS FIRST
AMENDED COMPLAINT
10 CV 0795 JLS RBB

actionable puffery that cannot support a UCL, FAL, or CLRA claim. *See, e.g.*, *Oestreicher*, 544 F. Supp. 2d at 973-74. Sony's alleged representations about product quality are the only statements that plaintiffs contend were rendered false or misleading by the alleged failure to disclose the purported defect. FAC, ¶¶ 14, 19, 23, 51(e)-(f). Next, for an omission to be actionable, it must render a representation false or there must be a duty to disclose. But plaintiffs do not allege that Sony made any representations regarding the Televisions' longevity other than the Limited Warranty, and Sony had no duty to disclose the alleged defect because it did not involve a "safety defect" as discussed above. *Daugherty*, 144 Cal. App. 4th at 836-37. Last, plaintiffs fail to explain how the alleged misrepresentations even relate to the alleged defect, only stating that statements about *picture quality* were necessarily false because they failed to disclose the potential for *warping of the lamp access door*. Opp. at 16:6-9; *See Meserole v. Sony Corp. of Am., Inc.*, No. 08-CV8987 (RPP), 2009 WL 1403933, at *4 (S.D.N.Y. May 19, 2009) (noting defect "bears little connectivity to alleged advertisements" regarding picture quality); *Tietsworth v. Sears, Roebuck & Co.*, No. 5:09-CV-00288 JF (HRL), 2009 WL 3320486, at *8 (N.D. Cal. Oct. 13, 2009) (same). Plaintiffs have failed to set forth any misleading statements.

### 3. The FAL claim should be dismissed for failure to identify the advertisements at issue.

Plaintiffs contend—again without citation to authority—that they need not identify the allegedly false advertisements at issue. Plaintiffs are wrong. *See Inter-Mark USA, Inc. v. Intuit, Inc.*, No. C-07-04178 JCS, 2008 WL 552482, at *10 (N.D. Cal. Feb. 27, 2008) (dismissing FAL claim for failure to specifically identify advertisements at issue). Accordingly, their FAL claim should be dismissed on this independent ground.

### 4. The CLRA claim should be dismissed because plaintiffs failed to file the required affidavits.

Plaintiffs contend that they satisfied the CLRA's affidavit requirement by filing (i) an affidavit from their counsel (See Docket No. 3) and (ii) declarations of the named plaintiffs concurrently with their opposition. But the statute specifically requires that plaintiffs must file the affidavit, not their counsel, and that they must do so "concurrently with the filing of the

1    complaint." CAL. CIV. CODE § 1780(d).  The CLRA claim should therefore be dismissed.

**5.     Plaintiffs' consumer statute claims fail to satisfy Rule 9(b).**

Plaintiffs acknowledge that they have not pled with the requisite particularity, but argue that Rule 9(b) does not apply to their consumer statute claims because: (1) the claims do not sound in fraud; (2) California law does not require specific pleading; (3) the claims are based on omissions; and (4) the Court should look beyond the fraud allegations in evaluating the claims. Opp. at 6:22-12:15.  None of plaintiffs' arguments has merit.  Indeed, the Ninth Circuit recently considered and rejected *each of them* in holding that Rule 9(b) applies to UCL and CLRA claims sounding in fraud.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-1127 (9th Cir. 2009); *see also Johns v. Bayer Corp.*, No. 09CV1935 DMS (JMA), 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010) (holding UCL and CLRA claims sounding in fraud are subject to Rule 9(b)).

Here, plaintiffs failed to satisfy Rule 9(b).  As to knowledge of the defect, plaintiffs merely allege that "Sony has known about the Safety Defect since almost immediately after their introduction to the market and likely even earlier" (FAC, ¶ 19), but do not set forth any particularized factual allegations showing that Sony knew or should have known about an alleged defect in 2004 and 2005 when plaintiffs purchased their televisions.  *See Meserole*, 2009 WL 1403933, at *4-*5, *8 (dismissing plaintiffs' UCL, FAL, and CLRA claims on Rule 9(b) grounds because "[p]laintiffs have not put forth any particularized allegations evincing that Sony knew about the alleged defect prior to distributing the products to [p]laintiffs").  Plaintiffs also do not specifically identify a single piece of marketing material that they claim is deceptive or misleading, state when or where they purportedly saw these materials, explain how these materials are purportedly misleading, or allege reliance on such materials at the time of purchase.

**B.     Plaintiffs' Strict Liability Claim Should Be Dismissed Under the Economic Loss Doctrine.**

First, plaintiffs contend that their strict liability claim survives because of the holding in *Scandinavian Airlines Sys. v. United Aircraft Corp.*, 601 F.2d 425 (9th Cir. 1979).  Opp., at 16:14-17:4.  But that case does not address the economic loss doctrine.  It addresses an exception to the product liability doctrine.  The case is not applicable.

1   Second, plaintiffs contend that their claim survives because they have alleged that the defect caused internal damage to their televisions. Opp., at 17:5-13. But California law is clear: plaintiffs can only recover in strict liability "when a product defect causes [personal injury] or damage to 'other property,' that is, property *other than the product itself*." *Jimenez v. Super. Ct.*, 29 Cal. 4th 473, 483 (2002). The case on which plaintiffs rely, *In re NVIDIA GPU Litig.*, No. 08-04312, 2009 WL 4020104, at *12 (N.D. Cal. Nov. 19, 2009) ("*NVIDIA*"), is distinguishable and does not change this result. In *NVIDIA*, the defendant manufactured a specific product (computer processing unit) that was used as a component in a separate product manufactured by a separate company (the computer). *Id.* at *1. Because the computer processing unit manufactured damaged the separately manufactured computer in which it was used, the court held that there had been damage to other property. *Id.* at *12. The holding in *NVIDIA* does not, however, apply here because plaintiffs do not allege that (i) the defective part was separately manufactured by a different company, (ii) it was a discrete component among the Televisions' other components, as opposed to an integrated component, or (iii) that the part had a use outside of the Televisions. *See Waste Mgmt., Inc. v. Ishikawajima-Harima Heavy Indus., Co.*, No. CIV. S-04-2028 WBS DAD, 2006 WL 2507150, at *4 (E.D. Cal. Aug. 29, 2006) (holding no damage to "other property" where defective component was part of an integrated machine that was manufactured and sold in its entirety by the defendant, and the machine was nonfunctional without the component). Accordingly, the economic loss doctrine bars plaintiffs' strict liability claim.

**C.  Plaintiffs' Warranty Claims Should Each Be Dismissed Because Sony Has Not Breached Any Warranty Obligation.**

**1.  Plaintiffs' claim for breach of express warranty should be dismissed because the Televisions allegedly failed outside the warranty period.**

Plaintiffs argue in their opposition that: (1) Sony breached the express Limited Warranty by tendering the allegedly defective Televisions with knowledge that they would fail within their expected useful lives; and (2) Sony's Limited Warranty was unconscionable. Opp. at 17:14-22:22. Plaintiffs' arguments are fatally flawed and the cases on which they rely are inapposite.

First, California courts and others reject the proposition that a latent defect that manifests outside the express warranty time period may be the basis for a valid claim, even if the warrantor

1  knew of the defect at the time of sale. *Daugherty*, 144 Cal. App. 4th at 830; *Walsh v. Ford Motor Co.*, 588 F. Supp. 1513, 1536 (D.D.C. 1984) (citing cases); *Clemens*, 534 F.3d at 1025-27; *see also Tokio Marine & Fire Ins. Co. v. McDonnell Douglas Corp.*, 617 F.2d 936, 941 (2d Cir. 1980); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005).

The cases on which plaintiffs rely are inapposite. For example, *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297 (2009), which Sony addressed in its opening brief, dealt with a breach of implied warranty claim, not an express warranty claim. Also, it is distinguishable because, among other reasons, it is contrary to established California law; a separate appellate panel affirmed the established rule two weeks after *Mexia*; and the alleged defect in *Mexia* rendered the product unmerchantable from the outset (whereas here, the televisions worked without issue for *over four years*). *See* Opening Brief, at 22:19-23:10.

The case *Hicks v. Kaufman & Broad Home Corp.*, 89 Cal. App. 4th 908 (2001), is also distinguishable. *Tietsworth*, 2010 WL 1268093, at *13 (distinguishing *Hicks* and finding that if *Hicks* were applied over *Daugherty*, it would "'eviscerate any limitations put in place by an express warranty'"). First, *Hicks* addressed the procedural question of class certification, not a motion to dismiss or demurrer as in *Daugherty*. Underscoring the point, other than a single unpublished decision, plaintiffs cite to no California federal district court or Ninth Circuit opinion that has followed *Hicks* in the context of a motion to dismiss a breach of express warranty claim. On the other hand, numerous California district court and Ninth Circuit opinions have held that a breach of express warranty claim should be dismissed where the alleged defect manifests outside the time limits of an express warranty, which is in accord with *Daugherty*. *See Clemens*, 534 F.3d at 1023; *Tietsworth,* 2010 WL 1268093, at *13; *Cirulli v. Hyundai Motor Co.*, 2009 WL 5788762, at *5 (C.D. Cal. June 12, 2009); *Tietsworth*, 2009 WL 3320486, at *11; *Mauro v. Gen. Motors Corp.*, No. CIV. S-07-892 FCD GGH, 2008 WL 2775004, at *9 (E.D. Cal. July 15, 2008). Second, *Hicks* pre-dates *Daugherty* by five years, and the same appellate court decided both cases. Third, *Hicks* involved a home's foundation, which has an indefinite useful life. The court in *Hicks* specifically distinguished a home's foundation from cases involving consumer products like the Televisions here. *Hicks*, 89 Cal. App. 4th at 922-23. Last, assuming *arguendo*

that *Hicks* applies over *Daugherty* and its progeny, plaintiffs have not alleged facts demonstrating that all of the Televisions were "substantially certain to result in malfunction during the useful life." *Hicks*, 89 Cal. App. 4th at 918. The amended complaint does not allege the Televisions' useful life, much less that that all of the "tens, if not hundreds, of thousands" of Televisions that had been sold failed in that time period. FAC, ¶¶ 5, 30.[1]

Additionally, plaintiffs' unconsionability argument is without merit. *See, e.g.*, *Clemens*, 534 F.3d at 1023 (recognizing manufacturer may warrant product for period of time less than a product's useful life); *Tietsworth*, 2009 WL 3320486, at *9-*10 (holding no unconscionability where no showing of lack of alternatives or surprise by warranty period); *Ball v. Sony Elecs., Inc.*, No. 05-C-307-S, 2005 WL 2406145, *6 (W.D. Wis. Sept. 28, 2005) (rejecting unconscionability argument because "[Sony's] offer to repair or replace the product under the circumstances enhanced rather than limited plaintiffs' contractual rights and is therefore not unconscionable.").

Once again, the cases on which plaintiffs rely in support of their unconscionability argument are unpersuasive and distinguishable. For instance, *Payne v. Fujifilm U.S.A. Inc.*, No. 07-385, 2007 WL 4591281 (D.N.J. Dec. 28, 2007), is an unpublished decision, and a different court in the same district subsequently held in a published decision that "latent defects discovered after the term of the warranty are not actionable" and that there is "no distinction based on the seller's knowledge." *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 519-520 (D.N.J. 2008) (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir. 1995)). Moreover, *Carlson v. Gen. Motors Corp.*, 883 F.2d 287 (4th Cir. 1989), is distinguishable because it was not decided under California law and it pre-dates *Daugherty* and its progeny.

---

[1] The other cases on which plaintiffs rely are similarly distinguishable. *Hewlett-Packard Co. v. Super. Ct.*, 167 Cal. App. 4th 87 (2008), addressed the procedural question of class certification, not the substantive issue of the merits of the claim, and expressly recognized that *Daugherty* may bar some of the class members' claims. Also, in that case, the named plaintiff's claims were based on an alleged malfunction *during* the warranty period. *Long v. Hewlett-Packard Co.*, 316 Fed. App'x 585 (9th Cir. 2009), stated in dicta that there *Hicks* **may** be an exception to the *Daugherty* rule, but did not decide the issue, and affirmed the dismissal of the breach of express warranty claim where the defect manifested after the warranty period. *Id*. at 586.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

SONY'S REPLY I/S/O MOTION TO DISMISS FIRST
AMENDED COMPLAINT
10 CV 0795 JLS RBB

### 2. Plaintiffs' breach of implied warranty claim should also be dismissed for lack of privity and failure to seek warranty coverage during the one-year warranty period.

Plaintiffs advance two theories in opposition to Sony's contention that plaintiffs lack privity: (1) some of the class members may be in vertical privity; and (2) California abolished the vertical privity requirement. Opp. at 22:23-23:16. Plaintiffs' first argument fails because plaintiffs' claims must rise or fall on their own without regard to unnamed class members. *See, e.g.*, *Speyer v. Avis Rent A Car Sys., Inc.*, 415 F. Supp. 2d 1090, 1094 (S.D. Cal. 2005).[2] Plaintiffs' second argument likewise fails because the vertical privity requirement does exist for implied warranty claims in California. *See Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741 WQH (NLS), 2007 WL 627977, at *4 (S.D. Cal. Feb. 22, 2007).

Plaintiffs' opposition also failed to address Sony's independent arguments that: (1) plaintiffs' implied warranty claim fails because the maximum duration of implied warranties under California law is one year; and (2) even if *Mexia* applies, which it does not, the terms of Sony's Limited Warranty would still apply and plaintiffs' claim would still be barred by the statute of limitations. Opening Brief, at 23:7-10 & fn. 5.

### 3. Plaintiffs' Song-Beverly Act claim should be dismissed.

Plaintiffs contend that their Song-Beverly Act claim survives because under *Mexia*, 174 Cal. App. 4th at 1305-06, plaintiffs must bring their claim within four years, not one. Opp., at 23:17-20. But as addressed above and in its opening brief, *Mexia* should not be followed. Also, assuming *arguendo* plaintiffs had four years to bring their claims under *Mexia*, they failed to do so. Plaintiffs Marchante and Sefo purchased their televisions in 2005 and 2004, respectively, but did not bring suit until April 15, 2010. FAC, ¶¶ 6, 8. Plaintiff Ochoa fails to allege when he purchased his television. Accordingly, plaintiffs' Song-Beverly Act claim should be dismissed.

### 4. The Magnuson-Moss Act claim should be dismissed.

Plaintiffs agree that their Magnuson-Moss Act claim fails if their state law warranty claim fails. *Daugherty*, 144 Cal. App. 4th at 833. Sony established that plaintiffs' state law warranty

---

[2] *See also Denny v. Barber*, 576 F.2d 465, 468-69 (2nd Cir. 1978).

claim fails, and thus, their Magnuson-Moss Act claim does too. It also fails to satisfy the requirement that there be at least 100 named plaintiffs to bring the claim as a class action. 15 U.S.C. § 2310(d)(3)(C); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 574 n.5 (9th Cir. 2004). Plaintiffs argue that the requirement no longer applies because of CAFA, but plaintiffs' CAFA argument puts the cart before the horse. While CAFA may provide a basis for jurisdiction over certain claims pled as a class action, it does not change the statutory requirement here that to bring the claim as a class action in the first instance, there must be at least 100 named plaintiffs.

### D. The Claims Against SCA And Sony Corporation Should Be Dismissed Because Plaintiffs Lack Any Basis To Sue Those Entities.

Without citation to authority, plaintiffs contend that they have properly named SCA and Sony Corporation based on their relationship as indirect parent corporations of SEL. Opp. at 25:8-17. But plaintiffs' amended complaint concedes that SEL made and sold the Televisions, and it is the entity that "disseminated" the alleged false statements and engaged in the alleged "wrongful warranty practices." FAC, ¶¶ 2, 38; RJN, Exh. A. Plaintiffs' admissions leave them with the entities' parent-subsidiary relationship as the basis for liability. FAC, ¶¶ 9-11; Docket No. 22. Such a relationship is insufficient. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116-18 (C.D. Cal. 2003). SCA and Sony Corporation should be dismissed.

### IV. CONCLUSION

For each of the reasons stated above and in its opening brief, Sony respectfully requests that the Court grant its motion to dismiss without leave to amend.

Dated: August 19, 2010

COOLEY LLP
MICHAEL A. ATTANASIO (151529)
MICHELLE C. DOOLIN (179445)
LEO P. NORTON (216282)

/s/ Michael A. Attanasio
_____
Michael A. Attanasio (151529)
Attorneys for Defendants
SONY CORPORATION OF AMERICA, SONY ELECTRONICS INC., and SONY CORPORATION
E-mail: mattanasio@cooley.com

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

SONY'S REPLY I/S/O MOTION TO DISMISS FIRST AMENDED COMPLAINT
10 CV 0795 JLS RBB