COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
MICHELLE C. DOOLIN (179445)
(mdoolin@cooley.com)
LEO P. NORTON (216282)
(lnorton@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendants
SONY CORPORATION OF AMERICA,
SONY ELECTRONICS INC., and
SONY CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MARCHANTE, PHRANK OCHOA, DRAGAN SEFO, and MELISSA SOLIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SONY CORPORATION OF AMERICA, SONY ELECTRONICS INC., and SONY CORPORATION,<br><br>Defendants. | Lead Case No. 10 CV 00795 JLS RBB<br><br>[Consolidated with Case No. 10 CV 01023]<br><br>**SONY CORPORATION OF AMERICA, SONY ELECTRONICS INC., AND SONY CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(6), AND 9(b)**<br><br>Date:         January 28, 2011<br>Time:        3:00 p.m.<br>Judge:       Hon. Janis L. Sammartino<br>Courtroom: 6 |

# Table of Contents

Page

I. INTRODUCTION .................................................................................................................. 1

II. PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(1) BECAUSE PLAINTIFFS LACK STANDING ............ 2

III. THE CONSOLIDATED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) AND RULE 9(B) BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED .................................. 3

    A. Plaintiffs' UCL, FAL, and CLRA Claims Should Be Dismissed .......................... 3

        1. Plaintiffs cannot hold Sony liable under the UCL, FAL, and CLRA for Sony's alleged failure to disclose a "Defect" in its Televisions that manifests itself after the expiration of the original warranty period ........................................................................................................... 3

        2. Plaintiffs' UCL, FAL, and CLRA claims should be dismissed because the alleged misrepresentations are non-actionable puffery and were true during the warranty period ...................................................... 4

        3. Plaintiffs' consumer statute claims fail to satisfy Rule 9(b) ....................... 5

        4. The FAL claim should be dismissed for failure to identify the advertisements at issue .............................................................................. 6

    B. Plaintiffs' Strict Liability Claim Should Be Dismissed Under the Economic Loss Doctrine .......................................................................................................... 6

    C. Plaintiffs' Warranty Claims Should Each Be Dismissed Because Sony Has Not Breached Any Warranty Obligation ............................................................... 7

        1. Plaintiffs cannot plead that Sony breached the Limited Warranty or Limited Extended Warranty ...................................................................... 7

            a. Limited Warranty ......................................................................... 7

            b. Limited Extended Warranty ........................................................ 9

        2. Plaintiffs' breach of implied warranty claim should also be dismissed for lack of privity and failure to seek warranty coverage during the one-year warranty period ......................................................... 9

        3. Plaintiffs' Song-Beverly Act claim should be dismissed ........................... 9

        4. The Magnuson-Moss Act claim should be dismissed .............................. 10

    D. The Claims Against SCA And Sony Corporation Should Be Dismissed Because Plaintiffs Lack Any Basis To Sue Those Entities .................................. 10

IV. CONCLUSION .................................................................................................................. 10

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i.

SONY'S REPLY I/S/O MOTION TO
DISMISS CONSOL. COMPLAINT
LEAD CASE NO. 10 CV 0795 JLS RBB

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ball v. Sony Elecs., Inc.*,
   No. 05-C-307-S, 2005 WL 2406145 (W.D. Wis. Sept. 28, 2005) ............................................ 8

*Carlson v. Gen. Motors Corp.*,
   883 F.2d 287 (4th Cir. 1989) ................................................................................................. 8

*Cattie v. Wal-Mart Stores, Inc.*,
   504 F. Supp. 2d 939 (S.D. Cal. 2007) .................................................................................... 2

*Cirulli v. Hyundai Motor Co.*,
   No. SACV 08-0854 AG (MLGx), 2009 WL 5788762 (C.D. Cal. June 12, 2009) ................ 8

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) ........................................................................................... 3, 8

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal. App. 4th 824 (2006) ......................................................................................... passim

*Dewey v. Volkswagen AG*,
   558 F. Supp. 2d 505 (D.N.J. 2008) ........................................................................................ 8

*Falk v. Gen. Motors Corp.*,
   496 F.Supp.2d 1088 (N.D. Cal. 2007) ................................................................................... 4

*Hewlett-Packard Co. v. Super. Ct.*,
   167 Cal. App. 4th 87 (2008) .................................................................................................. 8

*Hicks v. Kaufman & Broad Home Corp.*,
   89 Cal. App. 4th 908 (2001) .................................................................................................. 8

*In re NVIDIA GPU Litig.*,
   No. 08-04312, 2009 WL 4020104 (N.D. Cal. Nov. 19, 2009) ("*NVIDIA*") ........................ 7

*In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,
   Nos. 08-CV-2276-IEG (WVG), 09-CV-0620-IEG (WVG), 09-CV-0736-IEG (WVG),
   09-CV-2703-IEG (WVG), 2010 WL 4892114 (S.D. Cal. Nov. 30, 2010) ...................... passim

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods.
   Liab. Litig.*,
   No. 8:10ML 02151 JVS (FMOx), 2010 WL 4867562 (C.D. Cal. Nov. 30, 2010) ................ 4

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods.
   Liab. Litig.*,
   No. 8:10ML 02151 JVS (FMOx), 2010 WL 5058562 (C.D. Cal. Dec. 9, 2010) .................. 4

*Jimenez v. Super. Ct.*,
   29 Cal. 4th 473 (2002) ........................................................................................................... 6

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ............................................................................................... 5

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii.

**SONY'S REPLY I/S/O MOTION TO
DISMISS CONSOL. COMPLAINT
LEAD CASE NO. 10 CV 0795 JLS RBB**

*Mauro v. Gen. Motors Corp.*,
  No. CIV. S-07-892 FCD GGH, 2008 WL 2775004 (E.D.Cal. July 15, 2008) ......................... 8

*Meserole v. Sony Corp. of Am., Inc.*,
  No. 08-CV8987 (RPP), 2009 WL 1403933 (S.D.N.Y. May 19, 2009) ............................... 5, 6

*Mexia v. Rinker Boat Co.*,
  174 Cal. App. 4th 1297 (2009) ........................................................................... 7, 8, 9

*Neilson v. Union Bank of Cal., N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) ........................................................................ 10

*Payne v. Fujifilm U.S.A., Inc.*,
  No. 07-385 (JAG), 2007 WL 4591281 (D.N.J. Dec. 28, 2007) ............................................. 8

*Scandinavian Airlines Sys. v. United Aircraft Corp.*,
  601 F.2d 425 (9th Cir. 1979) ........................................................................................ 6

*Stock West, Inc. v. Confederated Tribes of the Colville Reservation*,
  873 F.2d 1221 (9th Cir. 1989) ...................................................................................... 2

*Tietsworth v. Sears, Roebuck & Co.*,
  No. 5:09-CV-00288 JF (HRL), 2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) .................... 5, 8

*Tietsworth v. Sears, Roebuck & Co.*,
  No. 5:09-CV-00288 JF (HRL), 2010 WL 1268093 (N.D. Cal. Mar. 31, 2010) ........... 3, 4, 5, 8

*U.S. v. Siemens Corp.*,
  621 F.2d 499 (2d Cir. 1980) ........................................................................................ 3

*Walsh v. Ford Motor Co.*,
  588 F. Supp. 1513 (D.D.C. 1984) ................................................................................. 7

*Waste Mgmt., Inc. v. Ishikawajima-Harima Heavy Indus., Co.*,
  No. CIV. S-04-2028 WBS DAD, 2006 WL 2507150 (E.D. Cal. Aug. 29, 2006) .................... 7

**STATUTES**

15 U.S.C.
  § 2310(d)(3)(C) ........................................................................................................ 10

**OTHER AUTHORITIES**

FEDERAL RULES OF CIVIL PROCEDURE

  Rule 9(b) ............................................................................................................... 3, 5
  Rule 12(B)(1) ............................................................................................................ 2
  Rule 12(b)(6) ............................................................................................................ 3

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii.

## I. INTRODUCTION

Sony Corporation of America, Sony Electronics Inc., and Sony Corporation (collectively, "Sony") established that each of plaintiffs' claims should be dismissed without leave to amend under well-settled California and federal law because, among other reasons, the alleged "defect" did not manifest until several years after the one-year express Limited Warranty expired, and plaintiffs refused to accept a replacement television under an extended warranty for the potential issue. In an opinion by Chief Judge Gonzalez, this Court recently dismissed with prejudice the same legal claims as those asserted here in a different case brought by plaintiffs' counsel against Sony where the plaintiffs alleged, as here, that the televisions at issue performed as warranted during the one-year express Limited Warranty period. *In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, Nos. 08-CV-2276-IEG (WVG), 09-CV-0620-IEG (WVG), 09-CV-0736-IEG (WVG), 09-CV-2703-IEG (WVG), 2010 WL 4892114 (S.D. Cal. Nov. 30, 2010) ("*In re Sony Grand WEGA*"). Chief Judge Gonzalez's opinion is directly on point as it involved the same legal claims and grounds for dismissal as here. Plaintiffs' consolidated complaint should be dismissed for the same reasons as in *In re Sony Grand WEGA*.

Tellingly, plaintiffs ignore Chief Judge Gonzalez's opinion and most of the authority set forth in Sony's motion. Instead, the crux of plaintiffs' opposition is that the alleged defect is a "safety defect," which plaintiffs contend gives rise to a duty of disclosure. But Sony established in its opening brief that plaintiffs' conclusory "safety defect" allegations should be disregarded because they lack factual support. To establish a "safety defect," plaintiffs must plead facts – not speculation and conclusions – that show that the alleged defect presents an unreasonable risk of personal injury. The "safety defect" allegations on which plaintiffs rely in their opposition fall far below this high standard. Plaintiffs concede that their televisions worked without issue for *over five years*. When the alleged defect manifested, plaintiffs allege that it resulted in "warping," "melting," and "heat distortion" to certain internal parts to the television surrounding the lamp inside the Televisions. Such allegations do not, however, establish an unreasonable risk of personal injury because plaintiffs concede that any such issue was limited to the inside of the Televisions around the lamp used to display the picture on the Televisions' screen, which like any

lamp or light bulb emanates heat.  Importantly, neither plaintiffs nor any putative class members were injured.  This case is distinguishable from the "safety defect" cases on which plaintiffs rely, which involved inherent safety issues and personal injury, including deaths to certain plaintiffs or class members.  The alleged defect here is simply not a "safety defect."

Absent an unreasonable risk of personal injury, California law forecloses plaintiffs' knowledge and failure to disclose arguments because the alleged defect did not manifest until after Sony's one-year Limited Warranty expired.  Plaintiffs' arguments that they bargained for a "defect free" product and that Sony's express Limited Warranty is unconscionable likewise find no support in the law and should be rejected, particularly because Sony is repairing or replacing the Televisions at no charge if the issue arises pursuant to its Limited Extended Warranty.  Accordingly, each of plaintiffs' claims should be dismissed.  Because any amendment would be futile, dismissal should be without leave to amend.

## II. PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1) BECAUSE PLAINTIFFS LACK STANDING

Plaintiffs contend that they have alleged continuing "harm" because the Televisions contain a defect "that could manifest at any time," and seek an injunction requiring Sony to disclose the alleged defect.  (Opp., at 5:24-6:4, 6:5-11.)  Plaintiffs' contention fails.  First, because Sony brought its Rule 12(b)(1) motion to dismiss as a factual one supported by evidence, plaintiffs must "furnish evidence . . . establishing subject matter jurisdiction." *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 943 (S.D. Cal. 2007).  Plaintiffs failed to do so and therefore cannot carry their burden to establish standing.  *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Second, assuming that plaintiffs could rely solely on their allegations, the basis of the claims under which they seek an injunction (UCL, FAL, and CLRA) is that Sony engaged in false or misleading advertising at the time the products were distributed to plaintiffs.  But plaintiffs concede, and Sony presented evidence, that Sony no longer sells or markets the Televisions in the United States.  (*See* Consol. Compl., ¶ 5; McGowan Decl., ¶¶ 4-6.)  As Sony's alleged wrongful conduct—the alleged sale of defective Televisions and false advertising—is not presently occurring, plaintiffs have no basis to seek an injunction.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

SONY'S REPLY I/S/O MOTION TO
DISMISS CONSOL. COMPLAINT
LEAD CASE NO. 10 CV 0795 JLS RBB

**III.   THE CONSOLIDATED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) AND RULE 9(b) BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

    **A.   Plaintiffs' UCL, FAL, and CLRA Claims Should Be Dismissed.**

        **1.   Plaintiffs cannot hold Sony liable under the UCL, FAL, and CLRA for Sony's alleged failure to disclose a "Defect" in its Televisions that manifests itself after the expiration of the original warranty period.**

Plaintiffs concede that under established California law, Sony cannot be held liable for failure to disclose a defect that manifests itself after expiration of the warranty period, even if Sony allegedly knew about the defect. *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 830-32 (2006); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025-27 (9th Cir. 2008); *In re Sony Grand WEGA*, 2010 WL 4892114, at *5. But plaintiffs contend that their claims survive under an exception to *Daugherty* and its progeny because they have characterized the defect as a "safety defect." (Opp., at 12:18-14:11.)  Plaintiffs must do more, however, than characterize the defect as a "safety defect" or speculate about potential safety concerns.  They must allege facts establishing: (1) an unreasonable risk of personal injury; and (2) that they or putative class members were personally injured. *Daugherty*, 144 Cal. App. 4th at 836 (holding plaintiffs did not adequately plead a safety defect where complaint contained conclusory allegations of a "safety risk," but only alleged harm was repair costs); *Tietsworth v. Sears, Roebuck & Co.*, No. 5:09-CV-00288 JF (HRL), 2010 WL 1268093, at *7 (N.D. Cal. Mar. 31, 2010) (holding plaintiffs failed to allege safety defect where no named plaintiff or putative class member was injured).  Plaintiffs fall far short of this standard.

Plaintiffs speculate that "a very real possibility of" personal injury or damage to other property exists based on allegations that (i) plaintiffs saw "heat distortion" to parts surrounding the lamp after removing the front panel of the televisions, (ii) plaintiff Ochoa purportedly smelled an odor emanating from inside his television, and (iii) a Sony customer service representative allegedly told plaintiff Solis the television was a fire hazard.[1]  (Consol. Compl., ¶¶ 6-9; Opp., at

---

[1] The purported statement from a Sony customer service representative is contradicted by plaintiffs' numerous allegations that Sony has at all times represented to consumers that the Televisions are safe and pose no fire hazard (Consol. Compl., ¶¶ 4, 6-9, 17-18) and not binding on Sony.  *See, e.g.*, *U.S. v. Siemens Corp.*, 621 F.2d 499, 508 (2d Cir. 1980).

1   4:7-5:21, 18:1-3.)  But a "possibility" of a safety defect is not enough.  *Daugherty*, 144 Cal. App.
2   4th at 836; *Tietsworth*, 2010 WL 1268093, at *7.  Plaintiffs do not allege that they or any putative
3   class members were personally injured.  Nor do they allege any damage to other property.  The
4   only harm for which plaintiffs seek to recover is purchase or repair costs.  Plaintiffs' conclusory
5   "safety defect" allegations should be rejected as in *Tietsworth* and *Daugherty*.

6         The authority on which plaintiffs rely to establish a duty to disclose based on a "safety
7   defect" is distinguishable and highlights that the alleged defect here is *not* a "safety defect."  First,
8   *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Liab.*
9   *Litig.*, 2010 WL 4867562 (C.D. Cal. Nov. 30, 2010) and 2010 WL 5058562 (C.D. Cal. Dec. 9,
10  2010), involved the fundamental safety considerations of sudden unintended acceleration and
11  whether a vehicle is able to stop when the brakes are applied.  Further, the alleged defect had
12  resulted in automobile accidents and physical injuries, including numerous deaths, as well as tens
13  of thousands of complaints to Toyota during the time period when it was selling the vehicles at
14  issue.  Also, plaintiffs alleged with specificity that Toyota had marketed the cars as safe despite
15  having knowledge that the cars were not through complaints and government investigations.
16  None of these facts are present here.  Next, as this Court recognized in *In re Sony Grand WEGA*,
17  2010 WL 4892114, at *11-12, the case *Falk v. Gen. Motors Corp.*, 496 F.Supp.2d 1088 (N.D.
18  Cal. 2007) is distinguishable.  It involved a defective speedometer, which inherently relates to the
19  safe use of a car.  Also, unlike here, the court found that plaintiffs had alleged sufficient facts to
20  show that the manufacturer was "clearly aware of the problem" at the time it was selling the
21  vehicles.  Because the alleged defect here is not a safety defect, Sony cannot be held liable for
22  failure to disclose it where it manifests itself long after the expiration of the warranty period.

23        **2.   Plaintiffs' UCL, FAL, and CLRA claims should be dismissed because the alleged misrepresentations are non-actionable puffery and were true during the warranty period.**
24

25        Plaintiffs argue – without citation to authority – that Sony allegedly marketing the
26  Televisions as "offering superior picture quality," having "accurate color reproduction," or
27  providing "excellent video quality" is not mere puffery, and also theorize that Sony's puffery
28  argument is beside the point because plaintiffs' claims are based on omissions in failing to

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

SONY'S REPLY I/S/O MOTION TO
DISMISS CONSOL. COMPLAINT
LEAD CASE NO. 10 CV 0795 JLS RBB

1  disclose the alleged defect, not misrepresentations. (Opp., at 16:21-17:12.) Plaintiffs' arguments
2  are without merit.

3  Initially, as Sony established in its opening brief, representations about quality are non-
4  actionable puffery that cannot support a UCL, FAL, or CLRA claim. *See, e.g.*, *In re Sony Grand*
5  *WEGA*, 2010 WL 4892114, at *5. Representations about product quality are the only statements
6  that plaintiffs contend were rendered false or misleading by the alleged failure to disclose.
7  (Consol. Compl., ¶¶ 15, 20, 24, 52(e)-(f).) Next, for an omission to be actionable, it must render
8  a representation false or there must be a duty to disclose. But plaintiffs do not allege that Sony
9  made any representations about the Televisions' longevity or safety other than the Limited
10 Warranty, and Sony had no duty to disclose the alleged defect because plaintiffs failed to
11 establish a "safety defect" for the reasons addressed above. *Daugherty*, 144 Cal. App. 4th at 836-
12 37; *see In re Sony Grand WEGA*, 2010 WL 4892114, at *5, 9-11. Last, plaintiffs fail to explain
13 how the alleged misrepresentations even relate to the alleged defect. *Meserole v. Sony Corp. of*
14 *Am., Inc.*, No. 08-CV8987 (RPP), 2009 WL 1403933, at *4 (S.D.N.Y. May 19, 2009) (noting
15 defect "bears little connectivity to alleged advertisements" regarding picture quality); *Tietsworth*
16 *v. Sears, Roebuck & Co.*, No. 5:09-CV-00288 JF (HRL), 2009 WL 3320486, at *8 (N.D. Cal.
17 Oct. 13, 2009) (same). Plaintiffs have failed to set forth any misleading statements.

18 **3.   Plaintiffs' consumer statute claims fail to satisfy Rule 9(b).**

19 Plaintiffs acknowledge that they have not pled with the requisite particularity, but argue
20 that Rule 9(b) does not apply to their consumer statute claims because: (1) the claims do not
21 sound in fraud; (2) California law does not require specific pleading; (3) the claims are based on
22 omissions; and (4) the Court should look beyond the fraud allegations in evaluating the claims.
23 (Opp., at 6:22-12:15.) None of plaintiffs' arguments has merit. Indeed, the Ninth Circuit and this
24 Court recently considered and rejected *each of them* in holding that Rule 9(b) applies to UCL,
25 FAL, and CLRA claims sounding in fraud *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-1127
26 (9th Cir. 2009); *In re Sony Grand WEGA*, 2010 WL 4892114, at *3-4, 8-9, 11.

27 Here, plaintiffs failed to satisfy Rule 9(b). As to knowledge of the defect, plaintiffs
28 merely allege that "Sony has known about the Safety Defect since almost immediately after their

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

SONY'S REPLY I/S/O MOTION TO
DISMISS CONSOL. COMPLAINT
LEAD CASE NO. 10 CV 0795 JLS RBB

1  introduction to the market and likely even earlier" (Consol. Compl., ¶ 20), but do not set forth any
2  particularized factual allegations showing that Sony knew or should have known about an alleged
3  defect in 2004 and 2005 when plaintiffs purchased their televisions.  *See In re Sony Grand*
4  *WEGA*, 2010 WL 4892114, at *6, 11 (finding allegations of purported knowledge through
5  experiences with prior models and Sony's patent filings insufficient); *Meserole*, 2009 WL
6  1403933, at *4-*5, *8 (dismissing plaintiffs' UCL, FAL, and CLRA claims because no
7  particularized allegations evincing that Sony knew about the alleged defect prior to distributing
8  the televisions).  Plaintiffs also do not specifically identify a single piece of marketing material
9  that they claim is deceptive or misleading, state when or where they purportedly saw these
10 materials, explain how they are purportedly misleading, or allege reliance on such materials at the
11 time of purchase.  The mere fact that plaintiffs' individual televisions required repairs four to six
12 years after purchase is not enough to create a duty to disclose.

13  **4.    The FAL claim should be dismissed for failure to identify the advertisements at issue.**
14

15  Plaintiffs contend—again without citation to authority—that they need not identify the
16 allegedly false advertisements at issue.  Plaintiffs are wrong.  *See In re Sony Grand WEGA*, 2010
17 WL 4892114, at *10 (dismissing FAL claim for failure to specifically identify advertisements at
18 issue).  Accordingly, their FAL claim should be dismissed on this independent ground.

19  **B.    Plaintiffs' Strict Liability Claim Should Be Dismissed Under the Economic Loss Doctrine.**
20

21  First, plaintiffs contend that their strict liability claim survives because of the holding in
22 *Scandinavian Airlines Sys. v. United Aircraft Corp.*, 601 F.2d 425 (9th Cir. 1979).  (Opp., at
23 16:14-17:4.)  But that case does not address the economic loss doctrine.  It addresses an exception
24 to the product liability doctrine.  The case is not applicable.

25  Second, plaintiffs contend that their claim survives because they have alleged that the
26 defect caused internal damage to their televisions.  (Opp., at 18:4-10.)  But California law is clear:
27 plaintiffs can only recover in strict liability "when a product defect causes [personal injury] or
28 damage to 'other property,' that is, property *other than the product itself*."  *Jimenez v. Super. Ct.*,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

SONY'S REPLY I/S/O MOTION TO
DISMISS CONSOL. COMPLAINT
LEAD CASE NO. 10 CV 0795 JLS RBB

29 Cal. 4th 473, 483 (2002). The case on which plaintiffs rely, *In re NVIDIA GPU Litig.*, No. 08-04312, 2009 WL 4020104, at *12 (N.D. Cal. Nov. 19, 2009) ("*NVIDIA*"), is distinguishable and does not change this result. In *NVIDIA*, the defendant manufactured a specific product (computer processing unit) that was used as a component in a separate product manufactured by a separate company (the computer). *Id*. at *1. Because the computer processing unit damaged the separately manufactured computer in which it was used, the court held that there had been damage to other property. *Id*. at *12. The holding in *NVIDIA* does not, however, apply here because plaintiffs do not allege that (i) the defective part was separately manufactured by a different company, (ii) it was a discrete component among the Televisions' other components, as opposed to an integrated component, or (iii) that the part had a use outside of the Televisions. *See Waste Mgmt., Inc. v. Ishikawajima-Harima Heavy Indus., Co.*, No. CIV. S-04-2028 WBS DAD, 2006 WL 2507150, at *4 (E.D. Cal. Aug. 29, 2006) (holding no damage to "other property" where defective component was part of an integrated machine that was manufactured and sold in its entirety by the defendant, and the machine was nonfunctional without the component). Accordingly, the economic loss doctrine bars plaintiffs' strict liability claim.

### C. Plaintiffs' Warranty Claims Should Each Be Dismissed Because Sony Has Not Breached Any Warranty Obligation.

#### 1. Plaintiffs cannot plead that Sony breached the Limited Warranty or Limited Extended Warranty.

##### a. Limited Warranty.

Plaintiffs argue in their opposition that: (1) Sony breached the express Limited Warranty by tendering the allegedly defective Televisions with knowledge that they would fail within their expected useful lives; and (2) Sony's Limited Warranty was unconscionable. (Opp., at 18:11-23:21.) Plaintiffs' arguments are fatally flawed and the cases on which they rely are inapposite.

First, California courts and others reject the proposition that a latent defect that manifests outside the express warranty time period may be the basis for a valid claim, even if the warrantor knew of the defect at the time of sale. *See, e.g.*, *Daugherty*, 144 Cal. App. 4th at 830; *In re Sony Grand WEGA*, 2010 WL 4892114, at *10. The cases on which plaintiffs rely are inapposite. For example, *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297 (2009), which Sony addressed in its

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

SONY'S REPLY I/S/O MOTION TO
DISMISS CONSOL. COMPLAINT
LEAD CASE NO. 10 CV 0795 JLS RBB

opening brief, dealt with a breach of implied warranty claim, not an express warranty claim. Also, it is distinguishable because, among other reasons, it is contrary to established California law; a separate appellate panel affirmed the established rule two weeks after *Mexia*; and the alleged defect in *Mexia* rendered the product unmerchantable from the outset (whereas here, the televisions worked without issue for *over four years*). (*See* Opening Brief, at 23:9-24:2.). The case *Hicks v. Kaufman & Broad Home Corp.*, 89 Cal. App. 4th 908 (2001) is likewise distinguishable as recognized by Chief Judge Gonzalez in her recent opinion.[2] *In re Sony Grand WEGA*, 2010 WL 4892114, at *15 (finding *Hicks* "does not apply to consumer goods such as televisions."); *see also*, *Tietsworth*, 2010 WL 1268093, at *13 (distinguishing *Hicks* and finding plaintiffs' reading of it would "'eviscerate any limitations put in place by an express warranty'").[3]

Additionally, plaintiffs' unconscionability argument is without merit. *See, e.g.*, *Clemens*, 534 F.3d at 1023 (recognizing manufacturer may warrant product for period of time less than a product's useful life); *Tietsworth*, 2009 WL 3320486, at *9-*10 (holding no unconscionability where no showing of lack of alternatives or surprise by warranty period); *Ball v. Sony Elecs., Inc.*, No. 05-C-307-S, 2005 WL 2406145, *6 (W.D. Wis. Sept. 28, 2005) (rejecting unconscionability argument because "[Sony's] offer to repair or replace the product under the circumstances enhanced rather than limited plaintiffs' contractual rights and is therefore not unconscionable.").[4]

---

[2] *Hewlett-Packard Co. v. Super. Ct.*, 167 Cal. App. 4th 87 (2008) is also distinguishable. It addressed the procedural question of class certification, not the substantive issue of the merits of the claim, and expressly recognized that *Daugherty* may bar some of the class members' claims. Also, the named plaintiff's claims were based on a malfunction *during* the warranty period.

[3] No California federal district court or Ninth Circuit opinion has followed *Hicks* in the context of a motion to dismiss, but numerous courts have followed *Daugherty*. *See, e.g. Clemens*, 534 F.3d at 1023; *In re Sony Grand WEGA*, 2010 WL 4892114, at *15; *Tietsworth,* 2010 WL 1268093, at *13; *Cirulli v. Hyundai Motor Co.*, No. SACV 08-0854 AG (MLGx), 2009 WL 5788762, at *5 (C.D. Cal. June 12, 2009); *Tietsworth*, 2009 WL 3320486, at *11; *Mauro v. Gen. Motors Corp.*, No. CIV. S-07-892 FCD GGH, 2008 WL 2775004, at *9 (E.D. Cal. July 15, 2008).

[4] The cases on which plaintiffs rely in support of their unconscionability argument are unpersuasive. *Payne v. Fujifilm U.S.A., Inc.*, No. 07-385 (JAG), 2007 WL 4591281 (D.N.J. Dec. 28, 2007) is an unpublished decision, and has been contradicted by a published decision from the same district that held that "latent defects discovered after the term of the warranty are not actionable" regardless of the "seller's knowledge." *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 519-520 (D.N.J. 2008) (citation omitted). *Carlson v. Gen. Motors Corp.*, 883 F.2d 287 (4th Cir. 1989) was not decided under California law, and it pre-dates *Daugherty* and its progeny.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

SONY'S REPLY I/S/O MOTION TO
DISMISS CONSOL. COMPLAINT
LEAD CASE NO. 10 CV 0795 JLS RBB

### b. Limited Extended Warranty.

Sony addressed in its opening brief that it satisfied the terms of the Limited Extended Warranty by offering to repair or replace plaintiffs' televisions, but plaintiffs refused Sony's warranty service offer. Tellingly, plaintiffs fail to directly address Sony's arguments. Plaintiffs Marchante and Sefo concede that Sony offered them a refurbished replacement television at no charge under the Limited Extended Warranty. (Opp. 4:14-5:21; Consol. Compl., ¶¶ 6, 8.) But they refused Sony's offer.[5] (*Id.*) Plaintiffs Ochoa and Solis are silent on whether Sony made them a similar offer. Regardless, their televisions remain under warranty until March 31, 2011, and Sony therefore has the right to replace them. RJN, Exh. B. Plaintiffs have not alleged a breach of the Limited Extended Warranty.

### 2. Plaintiffs' breach of implied warranty claim should also be dismissed for lack of privity and failure to seek warranty coverage during the one-year warranty period.

Plaintiffs advance two theories in opposition to Sony's contention that plaintiffs lack privity: (1) some of the class members may be in vertical privity; and (2) California abolished the vertical privity requirement. (Opp., at 23:22-24:15.) Plaintiffs' first argument fails because plaintiffs' claims must rise or fall on their own without regard to unnamed class members. *See, e.g.*, *In re Sony Grand WEGA*, 2010 WL 4892114, at *16. Plaintiffs' second argument likewise fails because the vertical privity requirement does indeed exist for implied warranty claims in California. *In re Sony Grand WEGA*, 2010 WL 4892114, at *16.

### 3. Plaintiffs' Song-Beverly Act claim should be dismissed.

Plaintiffs contend that their Song-Beverly Act claim survives because under *Mexia*, 174 Cal. App. 4th at 1305-06, they must bring their claim within four years, not one. (Opp., at 24:16-19.) But as addressed above and in its opening brief, *Mexia* should not be followed. Assuming *arguendo* plaintiffs had four years to bring their claims under *Mexia*, plaintiffs Marchante, Sefo, and Solis failed to do so. Plaintiffs Marchante, Sefo, and Solis purchased their televisions in 2004

---

[5] Plaintiff Marchante alleges she did so because the replacement television Sony offered purportedly had "quality" problems based on her unspecified "research." But she never experienced such purported problems with the replacement television because she never accepted it, and in any event is not entitled to a "defect free" product.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

SONY'S REPLY I/S/O MOTION TO
DISMISS CONSOL. COMPLAINT
LEAD CASE NO. 10 CV 0795 JLS RBB

to 2005, but did not bring suit until over five years later on April 15, 2010. Plaintiffs' Song-Beverly Act claim fails.

### 4. The Magnuson-Moss Act claim should be dismissed.

Plaintiffs concede that if their state law warranty claims fail, their Magnuson-Moss Act claim does too. *In re Sony Grand WEGA*, 2010 WL 4892114, at *17. Their claim should be dismissed on this ground. The claim also fails to satisfy the statutory requirement that there be at least 100 named plaintiffs to bring the claim as a class action. 15 U.S.C. § 2310(d)(3)(C).

### D. The Claims Against SCA And Sony Corporation Should Be Dismissed Because Plaintiffs Lack Any Basis To Sue Those Entities.

Plaintiffs contend that they have properly named SCA and Sony Corporation based on their relationship as parent corporations of SEL and a conclusory allegation that Sony Corporation had some unspecified involvement in the distribution of the Televisions. (Opp., at 25:17-27.) But plaintiffs allege that SEL was the entity that sold the Televisions, that it "disseminated" the alleged false statements, and it engaged in the alleged "wrongful warranty practices." (Consol. Compl., ¶¶ 2, 39; RJN, Exh. A.) Plaintiffs' admissions leave them with the entities' parent-subsidiary relationship as the basis for liability. (Consol. Compl., ¶¶ 10-12; Docket No. 22.) Such a relationship is insufficient. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116-18 (C.D. Cal. 2003). SCA and Sony Corporation should be dismissed.

## IV. CONCLUSION

For each of the reasons stated above and in its opening brief, Sony respectfully requests that the Court grant its motion to dismiss without leave to amend.

Dated: January 7, 2011

COOLEY LLP
MICHAEL A. ATTANASIO (151529)
MICHELLE C. DOOLIN (179445)
LEO P. NORTON (216282)

/s/ Michael A. Attanasio
Michael A. Attanasio (151529)
Attorneys for Defendants
SONY CORPORATION OF AMERICA, SONY ELECTRONICS INC., and SONY CORPORATION
E-mail: mattanasio@cooley.com

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

SONY'S REPLY I/S/O MOTION TO DISMISS CONSOL. COMPLAINT
LEAD CASE NO. 10 CV 0795 JLS RBB